UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICKI F.,

               Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C19-73 MJP

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR AN AWARD OF BENEFITS**

Plaintiff contends the ALJ erred by denying her application for Disability Insurance Benefits and seeks remand for an award of benefits. Dkt. 11, 16. The Commissioner concedes that the ALJ erred, but seeks remand for further administrative proceedings. Dkt. 15. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 53 years old, has at least a high school education, and has worked as a truck driver and a waitress. Dkt. 7, Admin. Record (AR) 26. Plaintiff applied for benefits in June 2013, alleging disability as of March 2013. AR 104. Plaintiff's application was denied initially, on reconsideration, and by a November 2014 ALJ decision. AR 103, 116, 133-45.

Plaintiff appealed the ALJ's decision and filed a new application for benefits. AR 246, 153. Plaintiff's new application was granted, with an established onset date of December 31, 2015. AR 181. However, the Appeals Council vacated both the favorable decision and the ALJ's decision, consolidated both claims, and remanded them to the ALJ. AR 185-86. After the ALJ conducted a hearing in May 2017, the ALJ issued a decision finding Plaintiff had the severe impairments of diabetic peripheral neuropathy, degenerative disc disease, affective disorder, and obesity, but was not disabled. AR 37, 15-28.

## DISCUSSION

The parties agree that the ALJ erred by rejecting the medical opinions of Plaintiff's treating physician Ellen Kim, M.D., and nonexamining physician Drew Stevick, M.D., and by rejecting Plaintiff's testimony. *See* Dkt. 11, 15. Plaintiff requests remand for an award of benefits.

In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The Court has flexibility, however, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

## A. The Record is Fully Developed

The Commissioner argues that the record is not fully developed because of an "unresolved evidentiary issue" involving the December 2015 disability finding and because Plaintiff argued in her opening brief that the ALJ erred by failing to request certain records and to consider chronic pain syndrome. Dkt. 15 at 3-5.

The "unresolved evidentiary issue" is based on the Commissioner's misapprehension of the record. The Commissioner erroneously asserts that state agency physician Dr. Stevick opined Plaintiff could perform "light work." Dkt. 15 at 4. In fact, Dr. Stevick's opinions states that Plaintiff could perform "SEDENTARY" work. AR 180. This was based on his opinion that Plaintiff could stand and/or walk for only "4 hours" total per day, while "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." AR 176; Soc. Sec. Ruling 83-10, 1983 WL 31251 (1983). Because of Plaintiff's age, education, and work experience, restricting her to a sedentary exertional level mandates a determination of disability under the Medical-Vocational Guidelines. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 201.14. The Commissioner states that "[i]t is not entirely clear who made" the disability finding. Dkt. 15 at 4. Other than apparently baseless speculation that someone in the Social Security Administration erroneously entered some data somewhere, the Commissioner offers no reason why the agency's disability determination is incorrect. This is not an adequate basis for the Court to conclude that the record is not fully developed.

The Commissioner relies on *Treichler* to argue that other outstanding evidentiary issues preclude remand for benefits. Dkt. 15 at 3 (citing *Treichler v. Comm'r. of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1101 (9th Cir. 2014)). In *Treichler*, there were "significant factual conflicts in the record between [the plaintiff's] testimony and objective medical evidence." 775 F.3d at

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR AN AWARD OF
BENEFITS - 3

1104. Here, there are no significant factual conflicts.

Because "the ALJ did not evaluate chronic pain syndrome," the Commissioner argues that "this impairment should be explicitly addressed on remand." Dkt. 15 at 3. The fact that Plaintiff could be found disabled on the additional ground of chronic pain syndrome does not make evidence of chronic pain relevant to finding her disabled on the grounds of neuropathy and degenerative disc disease. The Commissioner does not argue that adding another severe impairment will render Plaintiff any less impaired.

Finally, the Commissioner argues that because "Plaintiff argues the ALJ failed to develop the record because the ALJ did not request podiatry records regarding her neuropathy and foot issues," further proceedings would be useful. Dkt. 15 at 4-5 (citing Dkt. 11 at 16). Plaintiff initially argued in her opening brief that the ALJ erred by rejecting Dr. Kim's findings without requesting notes from a podiatrist that Dr. Kim repeatedly mentioned had treated Plaintiff. Dkt. 11 at 16. In the response brief, the Commissioner does not argue that the podiatrist's notes might justify discounting Dr. Kim's opinions, but in fact concedes the ALJ erred by rejecting Dr. Kim's opinions. Dkt. 15. The lack of the podiatrist's notes do not indicate the type of "significant factual conflicts in the record" that require further proceedings. *Treichler*, 775 F.3d at 1104.

**B.      The ALJ Improperly Discredited Plaintiff's Testimony and Two Medical Opinions**

The parties agree that the ALJ erred by rejecting Plaintiff's testimony and the medical opinions of Plaintiff's treating physician Dr. Kim and nonexamining state agency physician Dr. Stevick. *See* Dkt. 11, 15.

**C.      The Improperly Discredited Evidence Establishes Disability**

Plaintiff testified that she cannot sit or stand for more than 10 minutes or walk more than half a block at a time. AR 45-46. She cannot lift more than 5 pounds. AR 46. She gets blurred

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR AN AWARD OF
BENEFITS - 4

vision if she looks at a computer for more than 10 minutes. AR 44. She cannot focus for more than about 15 minutes. AR 52. Dr. Kim opined that Plaintiff can sit three hours, stand one hour, and walk less than half an hour total per day, and must recline the remainder of an 8-hour workday. AR 925. She can carry 10 pounds occasionally. AR 924. Dr. Stevick opined that Plaintiff was restricted to sedentary work. AR 180.

This improperly discredited evidence establishes disability in multiple ways. Vocational expert testimony established that needing to recline five minutes every hour, totaling 40 minutes in an 8-hour day, would preclude all competitive work. AR 66. Dr. Kim's opinions and Plaintiff's testimony each establish a need to recline more than 40 minutes. AR 925, 45-46. The vocational expert also testified that a worker whose diminished focus reduced their productivity by 15 percent would be unable to maintain employment. AR 66. Plaintiff's testimony of severely diminished focus rises to this level. AR 44. Vocational expert testimony also established that a 10-pound lifting limit would restrict a person to sedentary work. AR 66. Dr. Kim's opinions and Plaintiff's testimony each establish a lifting limit of 10 pounds or less. AR 924, 46. Dr. Stevick also opined a sedentary restriction. AR180. If Plaintiff were restricted to sedentary work, the Medical-Vocational Guidelines would mandate a determination of disability. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 201.14.

**D.  Discretion**

All three requirements to remand for benefits are met. *Garrison*, 759 F.3d at 1020. (1) The record is fully developed, there are no outstanding relevant evidentiary issues, and further administrative proceedings would serve no useful purpose. (2) The ALJ failed to provide legally sufficient reasons for rejecting Dr. Kim's and Dr. Stevick's opinions and Plaintiff's testimony. (3) If the improperly discredited evidence were credited as true, the ALJ would be required to

find Plaintiff disabled on remand.

The only remaining issue is whether the Court should exercise its discretion to remand for further proceedings because "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021. The Court concludes that the record does not create any such doubt. Accordingly, the Court remands for an award of benefits.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an award of benefits under sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of July, 2019.

Marsha J. Pechman
United States District Judge

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR AN AWARD OF
BENEFITS - 6